# EXHIBIT A

ELECTRONICALLY FILED - 2023 May 15 2:49 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4002533

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | |
| **COUNTY OF RICHLAND** | ) | **THE FIFTH JUDICIAL CIRCUIT** |
| | ) | |
| **Xavier Hannibal, George Dalton, and Pamela Dalton,** | ) | **Civil Action No.:** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **SUMMONS** |
| | ) | |
| **Rocket Expediting, LLC, Super Ego Holdings, LLC, Super Ego Logistics, LLC, Stefan Perovic, Jason Richardson, and Sendmee Trucking, LLC,** | ) | **(Jury Trial Demanded)** |
| | ) | |
| | ) | |
| Defendants. | ) | |

**To: Rocket Expediting, LLC, Super Ego Holdings, LLC, Super Ego Logistics, LLC, Stefan Perovic, Sendmee Trucking, LLC, and Jason Richardson:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your respective Answer to the said Complaint on attorneys for Plaintiff, Cavanaugh & Thickens, LLC at 1717 Marion Street, Columbia, South Carolina 29201, within thirty (30) days after service hereof, exclusive of the day of such service; and, if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

*s/Stephen F. Krzyston*
J. Eric Cavanaugh, S.C. Bar No. 100044
Joseph O. Thickens, S.C. Bar No. 101398
Stephen F. Krzyston, S.C. Bar No. 100666
Cavanaugh & Thickens, LLC
1717 Marion Street (29201)
Post Office Box 2409
Columbia, SC 29202
Tel:  (803) 888-2200
Fax: (803) 888-2219
eric@ctlawsc.com
joe@ctlawsc.com
steve@ctlawsc.com
**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina
May 15, 2023

1

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS

COUNTY OF RICHLAND ) THE FIFTH JUDICIAL CIRCUIT

Xavier Hannibal, George Dalton, and Pamela Dalton, ) Civil Action No.:

Plaintiffs, )

vs. )

) SUMMONS

Rocket Expediting, LLC, Super Ego Holdings, LLC, Super Ego Logistics, LLC, Stefan Perovic, Jason Richardson, and Sendmee Trucking, LLC, ) (Jury Trial Demanded)

Defendants. )

Now comes the Plaintiffs, who, complaining of the Defendants, would allege and show unto this Honorable Court as follows:

1.      Plaintiff Xavier Hannibal (hereinafter "Hannibal") is a citizen and resident of Richland County, South Carolina.

2.      Plaintiff George Dalton (hereinafter "George Dalton") is a citizen and resident of Richland County, South Carolina.

3.      Plaintiff Pamela Dalton (hereinafter "Pamela Dalton") is a citizen and resident of Richland County, South Carolina.

4.      Upon information and belief, Defendant Rocket Expediting, LLC (hereinafter "Rocket") is a company organized and existing under the laws of Ohio, with its principal place of business being located at 2939 Kenny Road, Suite 220, Columbus OH 43221. Defendant Rocket is a federally regulated motor carrier engaged in providing transportation services to the shipping public and is an "authorized carrier within the meaning of 49 C.F.R. § 376.2(a). Upon further information and belief, Rocket, in conjunction with Defendants Super Ego Holdings, Super Ego Logistics, and Perovic contract with drivers to transport its customers' freight in interstate commerce. As part of its business, Rocket, in conjunction with Defendants Super Ego Holdings,

2

ELECTRONICALLY FILED - 2023 May 15 2:49 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4002533

Super Ego Logistics, and/or Perovic leases equipment to or from other related entities and/or owner-operators. Rocket is registered under Motor Carrier No.: 807590 and US Dept. of Transportation No. 2356464. At all relevant times, Rocket in conjunction with the aforementioned Defendants did business in South Carolina through its agents, servants and employees, including but not limited to Defendant Richardson and/or the other named Defendants.

5.      Upon information and belief, Defendant Super Ego Holdings, LLC (hereinafter "Super Ego Holdings") is a company organized and existing under the laws of Illinois, and at all times herein mentioned, doing business in South Carolina through its agents, servants and employees. Upon further information and belief, Defendant Super Ego Holdings is an Illinois limited liability company with a principal office located at 677 North Larch Ave, Elmhurst, IL 60126, who employs or contracts with drivers to transport its customers' freight in interstate commerce through its subsidiaries, and affiliates (including but not limited to the other named Defendants in this action).

6.      Upon information and belief, Defendant Super Ego Logistics, LLC (hereinafter "Super Ego Logistics") is a company organized and existing under the laws of Illinois, and at all times herein mentioned, doing business in South Carolina through its agents, servants and employees. Upon further information and belief, Defendant Super Ego Logistics is an Illinois limited liability company with a principal office located at 621 IL Route 83, Suite 240, Bensenville, IL 60106, who employs or contracts with drivers to transport its customers' freight in interstate commerce through its subsidiaries, and affiliates (including but not limited to the other named Defendants in this action).

7.      Upon information and belief, Defendant Stefan Perovic (hereinafter "Perovic") is an individual who resides at 175 North Harbor Drive, Suite 1716, Chicago Illinois 60601. Upon

ELECTRONICALLY FILED - 2023 May 15 2:49 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4002533

3

ELECTRONICALLY FILED - 2023 May 15 2:49 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4002533

further information and belief, Defendant Perovic is an agent, employee or servant who in conjunction with Defendants Mimic, Super Ego Holdings, Super Ego Logistics, and Rocket Expediting, owns the tractor and/or trailer involved in the collision which is the subject of this litigation, and at all relevant times did so in his capacity as an agent, employee or servant of Defendants Rocket, Super Ego Holdings, and/or Super Ego Logistics.

8.     Defendant Sendmee Trucking, LLC (hereinafter "Sendmee") is upon information and belief, a company organized and existing under the laws of the State of Alabama, and at all times relevant herein, doing business in the State of South Carolina through its agents, servants and employees. Upon further information and belief, Defendant Sendmee Trucking, LLC has its principal office located at 1945 Dovertown Road, in Cordova, AL 35550, and Defendant Richardson owns and operates Sendmee Trucking, LLC along with his wife Tammy Richardson.

9.     Defendant Jason Richardson (hereinafter "Richardson") is, upon information and belief, a citizen and resident of Walker County, Alabama, who was operating the tractor-trailer which caused the collision that is the subject of this litigation, and who at all relevant times was doing so in his capacity as an agent, employee or servant of Defendants Rocket, Super Ego Holdings, Super Ego Logistics, Sendmee and/or Perovic.

10.     All acts giving rise to this Complaint occurred in Richland County, South Carolina.

11.     This Court has subject-matter jurisdiction over this action and the claims set forth in this Complaint.

12.     Venue is appropriate in Richland County, South Carolina pursuant to S.C. Code Ann. § 15-7-30.

4

ELECTRONICALLY FILED - 2023 May 15 2:49 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4002533

**FACTS**

13.     On or about April 10, 2023, Defendant Richardson was driving a 2017 International Tractor while hauling a currently unknown amount of cargo on Interstate 26 in Richland County, South Carolina.  Upon information and belief, Defendant Richardson owned and/or operated the subject tractor and trailer in conjunction with, or as an agent, employee or servant of Defendants Super Ego Holdings, Super Ego Logistics, Rocket, Sendmee, and/or Perovic.

14.     At the same time, Plaintiffs Hannibal and George Dalton were stopped for traffic on the road ahead when Defendant Richardson slammed into the rear of the Plaintiffs' vehicles. Upon information and belief, Defendant Richardson initially collided with Plaintiff George Dalton's vehicle, and continued careening forward ultimately making contact with Plaintiff Hannibal's vehicle.

15.     Upon information and belief, Defendant Richardson, in conjunction with Defendants Super Ego Holdings, Super Ego Logistics, Rocket, Sendmee, and/or Perovic had falsified Defendant Richardson's daily driver's log which permitted Defendant Richardson to drive more hours than he was allowed to under federal and state law. Upon further information and belief, Defendant Richardson was driving fatigued and distracted, failed to notice an obviously stopped vehicle in the roadway, and failed to take appropriate steps to avoid the collision or lessen the impact to Plaintiffs respective vehicles.

16.     As a result of the collision with Defendants' vehicle Plaintiffs Xavier Hannibal, George Dalton, and Pamela Dalton suffered serious and substantial, property, physical and/or emotional damage which have affected their respective lives.

17.     At the time of the collision, Plaintiff George Dalton was legally married to Plaintiff Pamela Dalton. As a result of the collision, the Dalton's marriage has been seriously and

5

ELECTRONICALLY FILED - 2023 May 15 2:49 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4002533

substantially harmed resulting in Plaintiff Pamela Dalton suffering a loss and/or degradation of her spousal relationship with Plaintiff George Dalton.

18.     At all relevant times herein, Defendant Richardson was acting as an agent, servant or employee of Defendants Super Ego Holdings, Super Ego Logistics, Rocket, Sendmee, and/or Perovic, and within the course and scope of his employment or in conjunction with these Defendants in such ways as render all listed Defendants liable for the actions and inactions of Defendant Richardson.

19.     That as a result of the aforesaid, Plaintiffs suffered substantial and serious physical injuries and emotional harm, loss of consortium, loss of earning capacity, loss of income, property damage, and such other losses as may be deduced through the process of discovery in this lawsuit.

## FOR A FIRST CAUSE OF ACTION
**(Negligence, Gross Negligence, Negligence Per Se as to all Defendants)**

20.     Plaintiff repeats and reiterates the above allegations not inconsistent herewith as if repeated verbatim.

21.     That the wreck and resulting injuries Plaintiffs occurred as a direct and proximate result of the negligent, careless, reckless, willful, and wanton acts and delicts of Defendants, in the following particulars, to wit:

(a)  In failing to maintain a proper lookout;
(b)  In failing to maintain proper control of the vehicle;
(c)  In operating the vehicle in an unlawful and reckless manner;
(d) In failing to exercise due care under the circumstances then and there prevailing to avoid injury and damage to others, especially the plaintiff herein;
(e) In operating the vehicle on the highway without due regard for the rights of others, especially the Plaintiff herein;
(f) In operating the vehicle with defective brakes or, if said brakes were not defective, in failing to apply the same to give Plaintiff the right-of-way;
(g) In failing to yield the right-of-way;
(h) In violating the Federal Motor Carrier Safety Regulations, specifically but not limited to Hours of Service Regulations;
(i)  In driving fatigued; and,
(j)  In such other particulars as may be shown at trial.

ELECTRONICALLY FILED - 2023 May 15 2:49 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4002533

22.     All of the above are in violation of the common and statutory laws of the state of South Carolina and the rules and regulations promulgated by the South Carolina Department of Transportation and the Federal Motor Safety Carrier Administration.

23.     As the direct and proximate cause of the aforesaid negligence, carelessness, recklessness, willfulness, and wantonness of Defendants, as set forth above, Plaintiff was thrown in and about the interior of the vehicle, causing him to sustain injuries including pain and suffering, causing him shock and mental distress, and property damage; injuries for which Defendants are liable to the Plaintiff's actual and punitive damages in an amount to be determined by the triers of the facts.

<u>**FOR A SECOND CAUSE OF ACTION**</u>
**(Negligent Hiring, Training, and Supervision as to Defendants Rocket, Super Ego Holdings, Super Ego Logistics, Sendmee, and Perovic)**

28.     Plaintiff repeats and reiterates the above allegations not inconsistent herewith as if repeated verbatim.

29.     At all times herein-referenced, Defendant Richardson was under the hire, training, control and supervision of Defendants Rocket, Super Ego Holdings, Super Ego Logistics, Sendmee, and/or Perovic.

30.     At all relevant times herein-referenced, Defendants Rocket, Super Ego Holdings, Super Ego Logistics, Sendmee, and/or Perovic knew of or had reason to know of its employees and the ability and means to hire, train, control and supervise the conduct and actions of them.

31.     Defendants Rocket, Super Ego Holdings, Super Ego Logistics, Sendmee, and/or Perovic negligently, grossly negligently, carelessly, recklessly, willfully and wantonly failed to properly hire, train, control and supervise the actions and conduct of Defendant Haley, in the following particulars, to wit:

   a. In failing to properly investigate the background of Defendant Richardson before hiring;

7

ELECTRONICALLY FILED - 2023 May 15 2:49 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4002533

b.  In failing to train and instruct Defendant Richardson and its employees as to how to properly and safely operate a vehicle;

c.  In failing to remedy the improper conduct and actions of its employees;

d.  In failing to supervise what Defendant Richardson was doing while under Defendant Rocket, Super Ego Holdings, Super Ego Logistics, Sendmee, and/or Perovic's dispatch; and

e.  In such others as may be shown at trial.

31.     As the direct and proximate cause of the aforesaid negligence, carelessness, recklessness, willfulness, and wantonness of Defendants, as set forth above, Plaintiffs Hannibal and George Dalton were thrown in and about the interior of the vehicle, causing him to sustain injuries including pain and suffering, causing him shock, and mental distress, all to the plaintiff's actual and punitive damages in an amount to be determined by the triers of the facts.

## FOR A THIRD CAUSE OF ACTION
### (Loss of Consortium as to all Defendants)
### (On Behalf of Plaintiffs George and Pamela Dalton)

32.     Plaintiffs re-allege the allegations of the foregoing Paragraphs as if restated verbatim.

33.     Additionally, Defendants willful, wanton, reckless, and/or negligent, negligent per se, or grossly negligent acts and/or omissions caused injuries to Plaintiff George Dalton which resulted in the loss of services, company, society, cooperation, affection, and companionship by both Plaintiffs George and Pamela Dalton.

34.     As a result of Defendants conduct enumerated above, the Plaintiffs Dalton are entitled to actual and punitive damages for physical injury, pain and suffering, mental anguish, lost wages, loss of consortium, property damage and other matters caused by the same, in an amount to be determined at the trial of this action.

**WHEREFORE,** the Plaintiffs pray for judgment against the Defendants for actual and punitive damages, plus the costs and disbursements of this action, and for such other and further relief as the Court deems proper.

The Plaintiff demands a jury trial.

Respectfully submitted,

_s/Stephen F. Krzyston_
J. Eric Cavanaugh, S.C. Bar No. 100044
Joseph O. Thickens, S.C. Bar No. 101398
Stephen F. Krzyston, S.C. Bar No. 100666
Cavanaugh & Thickens, LLC
1717 Marion Street (29201)
Post Office Box 2409
Columbia, SC 29202
Tel:  (803) 888-2200
Fax: (803) 888-2219
eric@ctlawsc.com
joe@ctlawsc.com
steve@ctlawsc.com

**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina
May 15, 2023

ELECTRONICALLY FILED - 2023 May 15 2:49 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4002533