**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
CASE NUMBER:**

| | |
|---|---|
| Xavier Hannibal, George Dalton and Pamela Dalton,<br><br>                                        Plaintiffs,<br><br>v.<br><br>Rocket Expediting LLC, Super Ego Holdings, LLC, Super Ego Logistics, LLC, Stefan Perovic, Jason Lee Richardson and Sendmee Trucking, LLC,<br><br>                                        Defendants. | 3:23-cv-02702-MGL<br><br>**ANSWER ON BEHALF OF DEFENDANTS ROCKET EXPEDITING, LLC, SUPER EGO HOLDINGS, LLC, STEFAN PEROVIC, JASON LEE RICHARDSON, AND SENDMEE TRUCKING, LLC, TO PLAINTIFFS' COMPLAINT**<br><br>**(Jury Trial Demanded)** |

**TO:    J. ERIC CAVANAUGH, ESQUIRE, ATTORNEY FOR PLAINTIFFS, AND TO THE PLAINTIFFS ABOVE NAMED:**

The Defendants, Rocket Expediting LLC, Super Ego Holdings, LLC, Super Ego Logistics, LLC, Stefan Perovic, Jason Lee Richardson, and Sendmee Trucking, LLC, by and through their undersigned counsel, answering the Plaintiffs' Complaint herein, would respectfully show unto the Court the following:

**FOR A FIRST DEFENSE**
**(General Denial)**

1.    Defendants deny each and every allegation of Plaintiffs' Complaint not hereinafter specifically admitted.

2.    As to Paragraphs 1, 2, and 3 of Plaintiffs' Complaint, Defendants admit upon information and belief.

3.    As to Paragraph 4 of Plaintiffs' Complaint, Defendants admit that Defendant Rocket Expediting, LLC, is a company organized and existing under the laws of Ohio, with its principal place of business in Ohio. Upon further information and belief, Defendants admit that Defendant Rocket Expediting, LLC, is registered under Motor Carrier number: 807590 and US

Department of Transportation number: 2356464. Defendants deny the remainder of said Paragraph 4 of Plaintiffs' Complaint.

4. As to Paragraph 5 of Plaintiffs' Complaint, Defendants admit that Defendant Super Ego Holdings, LLC, is a company organized and existing under the laws of Illinois with its principal office located at 677 North Larch Ave, Elmhurst, IL, 60126. The Defendants deny the remainder of said paragraph 5.

5. As to Paragraph 6 of Plaintiffs' Complaint, Defendants admit that Defendant Super Ego Logistics, LLC, is a company organized and existing under the laws of Illinois with its principal office located at 621 IL Route 83, Suite 240, Bensenville, IL 60106. The Defendants deny the remainder of said paragraph 6.

6. As to Paragraph 7 of Plaintiffs' Complaint, Defendants admit that Defendant Stefan Perovic is an individual who resides at 175 North Harbor, Suite 1716, Chicago Illinois 60601. The Defendants deny the remainder of said paragraph 7.

7. As to Paragraph 8 of Plaintiffs' Complaint, Defendants admit upon information and belief.

8. As to Paragraph 9 of Plaintiffs' Complaint, Defendants admit that Defendant Jason Richardson is a citizen and resident of Walker County, Alabama. Defendants deny the remainder of said Paragraph 9.

9. As to Paragraph 10 of Plaintiffs' Complaint, Defendants admit upon information and belief.

10. As to Paragraphs 11 and 12 of Plaintiffs' Complaint, Defendants deny same and demand strict proof thereof.

11.     As to Paragraph 13 of Plaintiffs' Complaint, Defendants admit that Defendant Richardson was driving on Interstate 26 in Richland County, South Carolina, on the day in question. The Defendants deny the remainder of said Paragraph 13 of Plaintiffs' Complaint.

12.     As to Paragraph 14 of Plaintiffs' Complaint, Defendants admit there was an automobile accident on the date in question. Defendants deny the remainder of said Paragraph 14 of Plaintiffs' Complaint.

13.     As to Paragraph 15 of Plaintiffs' Complaint, Defendants deny same and demand strict proof thereof.

14.     As to Paragraphs 16, 17, 18 and 19 of Plaintiffs' Complaint, Defendants deny same and demand strict proof thereof.

15.     As to Paragraphs 20, 21, 22, and 23 of Plaintiffs' Complaint, Defendants deny same and demand strict proof thereof.

16.     As to Paragraphs 28, 29, 30, and 31 of Plaintiffs' Complaint, Defendants deny same and demand strict proof thereof.

17.     As to the second Paragraph identified as Paragraph 31 of Plaintiffs' Complaint, which is most likely due to a scrivener's error, Defendants deny same and demand strict proof thereof.

18.     As to Paragraphs 32, 33, and 34 of Plaintiffs' Complaint, Defendants deny same and demand strict proof thereof.

## FOR A SECOND DEFENSE
### (Comparative Negligence of Plaintiffs)

19.     These Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

20.     The Defendants would show, upon information and belief, that any injuries or damages sustained by the Plaintiffs were due to Plaintiffs' own negligent, careless, reckless and grossly negligent acts or omissions which combined and concurred with any negligence on the part of the Defendants, (such negligence on the part of the Defendants being specifically denied), to produce such injuries or damages, if any, and without which such injuries or damages would not have occurred.  The Defendants plead such negligence, carelessness, recklessness and gross negligence on the part of the Plaintiffs and would ask that this court compare the negligence of the Plaintiffs and the Defendants and if it is determined that the Plaintiffs' negligence, carelessness, recklessness and gross negligence was greater than the negligence, carelessness, recklessness and gross negligence of the Defendants, (such negligence, carelessness, recklessness and/or gross negligence on the part of the Defendants being specifically denied), then the Plaintiffs should be totally barred from recovery and if it is determined that the Plaintiffs' negligence, carelessness, recklessness and gross negligence is equal to or less than the negligence of the Defendants, then the amount of recovery available to the Plaintiffs should be reduced by the percentage of the Plaintiffs' own negligence, carelessness, recklessness and gross negligence.

## FOR A THIRD DEFENSE
### (Sole Negligence of Plaintiffs)

21.     These Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

22.     The Defendants would show, upon information and belief, that the injuries sustained by the Plaintiffs were the result of the sole negligence of the Plaintiffs and therefore, the Plaintiffs cannot recover any sum whatsoever from the Defendants.

## FOR A FOURTH DEFENSE
### (Lack of Proximate Cause)

23.     These Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

24.     The Defendants would assert that the alleged injuries of the Plaintiffs were not proximately caused by the accident alleged herein and, therefore, the Plaintiffs cannot recover from the Defendants due to lack of proximate cause and damages.

## FOR A FIFTH DEFENSE
### (Last Clear Chance)

25.     These Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

26.     Defendants would show that the Plaintiffs had the last clear chance to avoid the accident and therefore the Plaintiffs' recovery is barred or alternatively should be reduced in proportion to the Plaintiffs' own comparative fault in failing to avoid the accident.

## FOR A SIXTH DEFENSE
### (Sudden Emergency)

27.     These Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

28.     The Defendants would show, upon information and belief, that the Defendants were placed in a sudden emergency situation and the accident was unavoidable. Therefore, the Defendants plead the defense of sudden emergency and unavoidable accident as complete defenses to the Plaintiffs' claims.

## FOR A SEVENTH DEFENSE
### (Venue)

29.     These Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

30.     Defendants would show, upon information and belief, that venue is not proper in Richland County. Therefore, pursuant to Rule 12(b)(3) of the *Federal Rules of Civil Procedure*, Defendants would move that Plaintiffs' Complaint be dismissed or, in the alternative, that venue be transferred.

## FOR AN EIGHTH DEFENSE
### (Subject Matter Jurisdiction)

31.     These Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

32.     The Defendants would show, upon information and belief, that the Court lacks jurisdiction over the subject matter in that Defendant Richardson is a citizen and resident of the State of Alabama, and Plaintiffs are citizens and residents of the State of South Carolina.   As the parties are citizens of different states, the Defendants plead lack of subject matter jurisdiction as grounds for removal unless and until Plaintiffs admit the amount in controversy does not exceed $75,000.00.

## FOR A NINTH DEFENSE
### (Rule 12(b)(6))

33.     These Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

34.     The Defendants would show, upon information and belief, that the Complaint fails to state facts sufficient to constitute a cause of action pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* and, therefore, the Plaintiffs' Complaint should be dismissed with costs.

## FOR A TENTH DEFENSE
### (Punitive Damages)

35.     These Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

36.     The Defendants would show, upon information and belief, that the Plaintiffs' claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that these Defendants could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because these Defendants can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiffs' claim for punitive damages violates these Defendants' right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills this Defendants' exercise of that right; the Plaintiffs' claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed, the Plaintiffs' claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiffs' claim for punitive damages should be dismissed.

## FOR AN ELEVENTH DEFENSE
**(Punitive Damages)**

37.     These Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

38.     Pursuant to S.C. Code Ann. §15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

## FOR A TWELFTH DEFENSE
### (Punitive Damages)

39.     These Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

40.     Any award of punitive damages should not exceed the greater of three (3) times the amount of compensatory damages as provided for in S.C. Code Ann. §15-32-530.

## FOR A THIRTEENTH DEFENSE
### (Reservation of Additional Affirmative Defenses)

41.     These Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

42.     Defendants specifically reserve the right to assert further defenses that may be revealed by additional information acquired during discovery or otherwise from any other party herein.  Defendants further reserve the right to amend this Answer to assert any other applicable defenses, to assert any applicable crossclaims and/or counterclaims, and to implead any other applicable parties.

WHEREFORE, having answered the Plaintiffs' Complaint, Defendants respectfully request that the Complaint be dismissed, with costs, and for such other and further relief as the Court deems just and proper.

Defendants demand a jury trial.


*(signature on following page)*

MURPHY & GRANTLAND, P.A.

*s/Crawford A. Krebs*
John M. Grantland, Esq., Fed ID No.:  6462
Crawford A. Krebs, Esq., Fed ID No.: 13963
4406-B Forest Drive (29206)
P.O. Box 6648
Columbia, South Carolina 29260
Phone: (803) 782-4100

*Attorneys for Defendants Rocket Expediting LLC,*
*Super Ego Holdings, LLC, Super Ego Logistics,*
*LLC, Stefan Perovic, Jason Lee Richardson and*
*Sendmee Trucking, LLC*

Columbia, South Carolina
June 15, 2023