UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

CIVIL ACTION NO: 3:23-cv-02702-MGL

| | | |
|---|---|---|
| Xavier Hannibal, George Dalton, and Pamela Dalton, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **ANSWER OF UIM CARRIER ENCOMPASS INSURANCE COMPANY** |
| Rocket Expediting, LLC, Super Ego Holdings, LLC, Super Ego Logistics, LLC, Stefan Perovic, Jason Richardson, and Sendmee Trucking, LLC, | ) ) ) ) ) | **TO PLAINTIFF'S COMPLAINT (JURY TRIAL DEMANDED)** |
| Defendants. | ) ) ) | |

Encompass Insurance Company a/k/a Encompass Indemnity Company ("UIM Carrier") appears in this lawsuit pursuant to S.C. Code Ann. § 38-77-160 as the underinsured motorist carrier, answers the lawsuit, and respectfully shows unto this Court:

**FOR A FIRST DEFENSE**

1.     Except as specifically admitted, qualified, or explained, UIM Carrier denies the allegations and demands strict proof of each allegation.

2.     UIM Carrier lacks sufficient information and belief as to the truth or falsity of the allegations contained in Paragraphs 1 through 12 of the Complaint, and therefore denies the same and demands strict proof thereof.

3.     UIM Carrier admits the allegations contained in Paragraphs 13 and 14 of the Complaint only to the extent that a motor vehicle accident occurred and the general time and location of the motor vehicle accident giving rise to this civil action.  UIM Carrier denies the remaining allegations contained in Paragraphs 13 and 14 of the Complaint and demands strict proof thereof.

12919392

4.     UIM Carrier denies the allegations contained in Paragraphs 15 through 19 (including any subparts) of the Complaint and demands strict proof thereof.

5.     In response to Paragraph 20 of Complaint, UIM Carrier reaffirms and reiterates the above Paragraphs as if fully restated verbatim.

6.     UIM Carrier denies the allegations contained in Paragraphs 21 through 23 (including any subparts) of the Complaint and demands strict proof thereof.

7.     In response to Paragraph 28 [sic] of Complaint, UIM Carrier reaffirms and reiterates the above Paragraphs as if fully restated verbatim.

8.     UIM Carrier denies the allegations contained in Paragraphs 29 through 31 [sic] (including any subparts) of the Complaint and demands strict proof thereof.

9.     In response to Paragraph 32 of Complaint, UIM Carrier reaffirms and reiterates the above Paragraphs as if fully restated verbatim.

10.     UIM Carrier denies the allegations contained in Paragraphs 33 through 34 (including any subparts) of the Complaint and demands strict proof thereof.

11.     UIM Carrier denies the allegations contained in all remaining paragraphs of the Complaint, including but not limited to subparts and the unnumbered "wherefore" paragraph and demands strict proof thereof.

## AS AN ADDITIONAL DEFENSE
### (Comparative Negligence)

12.     Any injury and damage sustained by Plaintiff may have been caused by the negligence or willfulness of Plaintiff, combining, concurring, and contributing with the negligence or willfulness, if any, by others. Because Plaintiff's negligence or willfulness may be greater than the alleged negligence or willfulness of one or more adverse parties, Plaintiff may be barred from recovery. In the alternative, the Court should reduce any recovery awarded to Plaintiff for the alleged injuries and damage based upon the percentage of negligence or willfulness attributed to Plaintiff.

## AS AN ADDITIONAL DEFENSE
### (Failure to Mitigate)

13.     Plaintiffs have failed to mitigate the damages, if any, which bars any claim.

13770797

## AS AN ADDITIONAL DEFENSE
### (Assumption of the Risk)

14.     The doctrine of assumption of risk bars the claims.

## AS AN ADDITIONAL DEFENSE
### (Third Party)

15.     Any injury or damage sustained was due to and caused by the negligence, gross negligence, willfulness, wantonness, or carelessness on the part of some third party over whom UIM Carrier had or has no authority or control.

## AS AN ADDITIONAL DEFENSE
### (Set-Off)

16.     The amount of any and all settlement proceeds obtained from any other party shall constitute a set off against any judgment.

## AS AN ADDITIONAL DEFENSE
### (Statutory Defense)

17.     S.C. Code Ann. §15-38-15 applies to this lawsuit.

## AS AN ADDITIONAL DEFENSE
### (Failure to State a Claim)

18.     Plaintiff has failed to state facts sufficient to constitute a cause of action against Defendant pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

## AS AN ADDITIONAL DEFENSE
### (Punitive Damages)

19.     Any award of punitive damages would violate the constitutional safeguards provided by the Due Process Clause of the Fourteenth Amendment of the United States Constitution and under the Due Process Clause of Article I, Section 3 of the South Carolina Constitution because the determination of punitive damages does not bear any reasonable relationship to the amount of actual damages, if any, suffered by or awarded. Further, this party

13770797

pleads the recovery limits of S.C. Code Ann. § 15-32-530 and any other limitation on punitive damages allowed by Federal or State law.

## AS AN ADDITIONAL DEFENSE
### (Bifurcation of Punitive Damages)

20.     UIM Carrier requests trial bifurcation on the issues of actual damages and punitive damages, pursuant to S.C. Code Ann. § 15-32-520. Further, UIM Carrier pleads all defenses, limitations on damages, and other privileges codified at S.C. Code Ann. § 15-32-520 and § 15-32-530.

## AS AN ADDITIONAL DEFENSE
### (Improper Venue)

21.     UIM Carrier alleges this county is not the proper venue for this lawsuit. Accordingly, this Court should transfer the case to the proper county or dismiss this lawsuit.

## AS AN ADDITIONAL DEFENSE
### (Sudden Emergency)

22.     UIM Carrier alleges that while operating the automobile in a careful and prudent manner without fault, Defendant faced a sudden and unexpected emergency and, as a result, Defendant acted as a reasonable and prudent person would have acted under the circumstances then and there prevailing.  Therefore, Defendant is not liable to Plaintiff in any amount.

## AS AN ADDITIONAL DEFENSE
### (Reservation of Rights)

23.     UIM Carrier has not had an opportunity to conduct a sufficient investigation or engage in adequate discovery about the allegations of this lawsuit.  UIM Carrier gives notice of the intent to assert any further affirmative defenses that any investigation supports, including, but not limited to, defenses that the action is barred in whole or in part by any applicable statute, contract, release, covenant, or the doctrine of laches.  Thus, UIM Carrier reserves the right to amend this pleading to assert any such defenses.

13770797

WHEREFORE, having answered, UIM Carrier asks this Court to dismiss the Complaint and to grant such other and further relief as this Court deems just and proper.

**TURNER, PADGET, GRAHAM & LANEY, P.A.**

*s/ Charles S. Gwynne Jr.*
Charles S. Gwynne Jr, Fed ID 9811
Post Office Box 1473
Columbia, South Carolina 29202
803-227-4228
cgwynne@turnerpadget.com
**ATTORNEYS FOR UIM CARRIER**
**ENCOMPASS INSURANCE COMPANY**

June 21, 2023

13770797